Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4759 | **DATE** | 9/27/2004 |
| **CASE TITLE** | Susan Brooks vs. Kmart Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Kmart's motion to supplement the appellate record (Doc. No. 12-2) is granted without objection. Kmart's motion to dismiss Petitioner Susan Brook's appeal as untimely (Doc. No. 12-1) is granted. This appeal is dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 6 | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 28 2004 | |
| | Notified counsel by telephone. | | date docketed | 18 |
| | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | | 9/27/2004 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| | ETV | courtroom deputy's initials | 2004 SEP 27 PM 2:58 | ETV |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: )
)
KMART CORPORATION, et al., )
)
Debtors )
_____ )
)
SUSAN BROOKS, )
)
Appellant, )
)
v. ) No. 03 C 4759
)
KMART CORPORATION, ) Judge Rebecca R. Pallmeyer
)
Appellee. )

DOCKETED
SEP 28 2004

## MEMORANDUM OPINION AND ORDER

Susan Brooks seeks leave to appeal from the decision of the Bankruptcy Court, Judge Susan P. Sonderby, denying her motion for leave to file an untimely proof of claim in the Chapter 11 proceedings for appellee Kmart Corporation. Kmart argues that the court has no jurisdiction over Brooks's appeal, as it was not filed within the ten-day period prescribed by Bankruptcy Rule 8002(a), and the Bankruptcy Court refused to consider Ms. Brooks's motion for an extension of that time period. For the reasons set forth here, the court agrees that Ms. Brooks's appeal is untimely. If the court were to consider Brooks's appeal on the merits, it would conclude that Judge Sonderby did not abuse her discretion in denying leave to file an untimely claim.

## PROCEDURAL BACKGROUND

On April 20, 1998, at 4:30 p.m., Appellant Susan Brooks tripped and fell in a Kmart store in Allegheny County, Pennsylvania. Brooks filed a personal injury action against Kmart Corporation on February 3, 2000. In January 2002, while the case was pending, Kmart filed a Chapter 11 petition in the United States Bankruptcy Court for the Northern District of Illinois. On or about

January 28, 2002, Brooks was notified of the bankruptcy filing. On March 6, 2002, Bankruptcy Judge Susan Sonderby set a general claims bar date of July 31, 2002.

Brooks received formal notice of the bar date and a proof of claim form by mail in April 2002. She nevertheless failed to file a timely proof of claim. Instead, on July 23, 2002, her attorney forwarded to Kmart a "Praecipe for Appearance," and a letter, which, he asserts, provided all the information called for in a proof of claim, except for the dollar amount of the claim. After counsel learned, months later, that Kmart had moved to reject the claim, Brooks filed a motion on March 3, 2003, for enlargement of the time for filing of her proof of claim. Judge Sonderby heard argument on that motion on April 28, 2003, six days after Kmart's Plan of Reorganization was confirmed. (Transcript of Proceedings (hereinafter, "Transcript"), Exhibit 4 to Appellee's Brief; Docket Report, Exhibit 4 to Appellee's Brief, at No. 10871) Although her written motion asserted that the "Praecipe for Appearance," had been filed with the court (Motion for Enlargement of Time, Exhibit 3 to Appellee's Brief, at ¶ 7), Brooks's attorney admitted at oral argument that it was not filed with the court. (Transcript, at 103.) He also acknowledged that the Praecipe could not be characterized as an informal proof of claim. (Id. at 102, 103.) Counsel admitted that he was aware of the bar date and that he had instructed his paralegal to file a proof of claim. (Id. at 101.) He admitted, further, that he himself had not signed the Praecipe or the cover letter, and that he did not know that his paralegal assistant had not "follow[ed] my direction" until February 5, 2003, when he received a letter from Kmart advising that the claim had been barred. (Id. at 104, 106.)

Judge Sonderby announced her ruling without equivocation in open court: "The motion of Susan Brooks for enlargement of time for filing Proof of Claim form is denied." (Id. at 107.) Judge Sonderby continued by explaining her conclusion that counsel had not shown "excusable neglect" for the late filing, as defined in Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380 (1993), and concluded by saying, "I will sign an order denying this motion." (Id. at 108.) Judge Sonderby did follow up with a written order denying the motion. (Order, Exhibit 5 to Appellee's

2

Brief.) That order was docketed on May 1, 2003, as reflected in the court's electronic docket report. (Docket Report, Exhibit 6 to Appellee's Brief.)

For reasons not explained in the record, Brooks's counsel did not receive written notice that the court order had been entered. On May 12, 2003, he wrote to the Bankruptcy Court Clerk asking for a copy of the April 28, 2003 order. (Motion for Extension of Time for Appeal and supporting materials, Exhibit 8 to Appellee's Brief.) On May 23, 2003, counsel forwarded a Notice of Appeal, together with a Motion for Extension of Time for Appeal, to the Bankruptcy Court; that Notice was docketed on May 27, 2003. (*Id.*) Counsel apparently made no effort to notice his motion for a hearing. On July 15, 2003, Judge Sonderby entered an order striking that motion, along with several others, "for being filed without a Notice of Hearing as required by the Local Rules." (July 15, 2003 Order, Exhibit 9 to Appellee's Brief.)

## DISCUSSION

Appellee Kmart Corporation asks the court to dismiss this appeal for want of jurisdiction. If the court concludes it does have jurisdiction, Kmart argues, it should affirm Judge Sonderby's decision. The court considers these arguments in turn.

I.  **Untimely Appeal**

Under Bankruptcy Rule 8002(a), an appeal from a bankruptcy court decision must be filed within 10 calendar days of the date of entry of the order at issue. Where, as in this case, an appellant fails to file a notice of appeal within that time period, the district court has no jurisdiction over the matter. See *Matter of Maurice*, 69 F.3d 830, 832 (7th Cir. 1995) (where "notice of appeal to the district court was jurisdictionally late" the "bankruptcy judge's orders were outside the district judge's power of review"); *Stelpflug v. Federal Land Bank of St. Paul*, 790 F.2d 47, 49 (7th Cir. 1986) ("requirement of a timely notice of appeal is 'mandatory and jurisdictional' "). Brooks's counsel appears to believe that the fact that he did not receive the court's order within ten days

3

excuses his late filing. The law is to the contrary. As the *Stelpflug* court explained, the Rules make clear that the "date of 'entry' is the critical event from which to measure the timeliness of an appeal." 790 F.2d at 50. *Accord, In re Williams*, 216 F.3d 1295, 1297 n.3 (11th Cir. 2000) ("contention that the 10-day period . . . ran from the date he received the court's order, rather than from the date of entry of the order . . . is without merit"). Indeed, Bankruptcy Rules explain that "[l]ack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed . . . ." Bankruptcy Rule 9022.

In any event, Brooks's attorney does not suggest, nor could he, that the Clerk's failure to provide him with a copy of Judge Sonderby's written order left him in the dark about her ruling. Counsel was present in open court when that ruling, and Judge Sonderby's rationale, were announced. Bankruptcy rules expressly contemplate the filing of an appeal from the bankruptcy court's ruling, even before that ruling has been memorialized in a written order: "A notice of appeal filed after the announcement of a decision or order but before entry of the judgment, order, or decree shall be treated as filed after such entry and on the day thereof." Bankruptcy Rule 8002(a). Counsel was fully aware of Judge Sonderby's ruling on April 28 and could have filed his appeal on the next business day.

The Rules do permit a late filing, but only with leave of court. As noted, Brooks did file a motion for an extension of the time to file an appeal. Rule 8002 explains that such a motion must be filed before the time for filing an appeal has run. A litigant who fails to do so will have up to 20 days after the period has expired in which to seek leave to file a late notice of appal, but leave should be granted only "upon a showing of excusable neglect." Bankruptcy Rule 8002(c)(2).

Brooks filed his motion for leave to file a late notice of appeal on May 23, well within 20 days after the May 11 date on which the statutory appeal period expired. In denying Brooks's motion, Judge Sonderby never reached the issue of whether the claimant had established excusable neglect for a late appeal. Instead, the Judge denied the motion because counsel failed to notice

4

it for a hearing, as required by the court's Local Rules. Brooks offers no challenge to that ruling. Counsel does not suggest the Local Rules were not available to him. Nor, having appeared for presentation of a motion on April 28, could he suggest he was unfamiliar with the court's oral motion practice. Brooks's brief to this court devotes substantial attention to the issue of whether she can establish excusable neglect for her late-filed *proof of claim*, an issue this court addresses briefly below. Brooks offers no basis whatever for the court to entertain her *appeal*, which was also tardy. The court concludes it lacks jurisdiction over this appeal.

## II.    Excusable Neglect for Late Proof of Claim

If the court were to reach the issue, it would affirm Judge Sonderby's ruling that Brooks did not establish excusable neglect for filing her proof of claim nearly seven months after the bar date. In an appeal from a bankruptcy court's decision, the district court reviews the findings of fact of the bankruptcy court for clear error, and its legal conclusions de novo. *Dye v. United States*, 360 F.3d 744, 747 (7th Cir. 2004). The Seventh Circuit recently reviewed another of Judge Sonderby's decisions to bar a late-filed claim in the Kmart bankruptcy, characterizing its review as one for an abuse of discretion. See *In re KMart Corp.*, ___ F.3d ___, No. 03-4084, 2004 WL 1908374 (7th Cir. Aug. 27, 2004). In that case, the creditor's claim was substantial, in the amount of $750,000, but was late by a single day. Noting the importance of claims-filing deadlines, and the negative consequences of permitting extensions of time, the Seventh Circuit affirmed the Bankruptcy Court's decision to bar the late filing. 2004 WL 1908374, *4-5, citing *In re Hooker Invs., Inc.*, 937 F.2d 833, 840 (2d Cir. 1991).

As in the earlier Kmart appeal, the parties here agree that in evaluating whether a late filing is the result of "excusable neglect," the court addresses the four factors identified by the Supreme Court in the *Pioneer* case, 507 U.S. at 395: "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether

it was within the reasonable control of the movant, and whether the movant acted in good faith." In this court's view, Judge Sonderby did not abuse her discretion in determining that these factors did not support a late filing here.

Brooks notes that her claim is a reasonably modest one, in the amount of $50,000. (Transcript, at 102-03.) Although the comparatively small size of her claim militates against a finding of prejudice to the debtor here, other factors support such a finding. Brooks's motion for leave to file a late claim was not filed until March 3, 2003, and was not heard by the court until April 28, 2003, after Kmart's Chapter 11 plan had been confirmed. In *In re Dartmoor Homes, Inc.* 175 B.R. 659, 666 (N.D. Ill. 1994), the court permitted the filing of a claim two weeks after the bar date. *Pioneer* similarly involved a claim filed just two weeks after the bar date. Prejudice from a late-filed claim is greater when the creditor's delay extends into the period in which the plan of reorganization is being "negotiated, drafted, filed or confirmed." *Dartmoor*, 175 B.R. at 666. The seven-month delay involved in this case, and its obvious potential impact on the bankruptcy proceeding, support Judge Sonderby's resolution.

The reason for Brooks's delay in filing her proof of claim is arguably the most significant factor in the *Pioneer* test. *In re KMart Corp.*, 2004 WL 1908374, at *5. In *Dartmoor*, neither the claimant nor his attorney had received notice of the bar date. 175 B.R. at 667. The *Pioneer* court emphasized that notice of the bar date had been placed "peculiarl[ly] and inconspicuous[ly]" in a notice of a creditor's meeting, without any warnings concerning its significance. 507 U.S. at 398. Here, in contrast, Brooks's counsel admits he received notice of the bar date several months before the time for filing a proof of claim expired. Counsel permitted his assistant to stamp his name to a letter and Praecipe of Appearance and made no further effort to confirm the filing of a timely proof of claim. Where the responsibility for delay is that of claimant's counsel, that responsibility must be attributed to the claimant herself. *Id.* at 396.

6

Counsel for Kmart characterizes the delay here as the product of a "gross lack of oversight" and inconsistent with a finding of good faith. (Appellee's Brief, at 10.) In her own brief, Brooks does not specifically address the matter of good faith, but the court concludes it need not decide the issue. The circumstances were more sympathetic in the earlier Kmart appeal, where claimant's counsel delegated the responsibility of mailing to a clerk, who placed the proof of claim in the mail just one day before the bar date, inadvertently marked for "second-day delivery." 2004 WL 1908374, at *5. The Seventh Circuit characterized these efforts as not "extraordinary or even particularly diligent," but found the matter of good faith "inconclusive." *Id.* The remaining factors satisfied the court that Judge Sonderby did not abuse her discretion in denying the motion to have the one-day-late claim deemed timely. *Id.*

So too here. Brooks has not established excusable neglect for her failure to file a timely proof of claim. At a minimum, Judge Sonderby did not abuse her discretion in so ruling.

## CONCLUSION

Kmart's motion to supplement the appellate record (Doc. No. 12-2) is granted without objection. Kmart's motion to dismiss Petitioner Susan Brooks's appeal as untimely (Doc. No. 12-1) is granted. This appeal is dismissed.

ENTER:

Dated: September 27, 2004

REBECCA R. PALLMEYER
United States District Judge

7